United States District Court
For the Northern District of California

1
2
3
4
5
6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                    SAN JOSE DIVISION

10   RICHARD JOSEPH, et. al.,                    CASE NO. 5:11-cv-02395 EJD

11                                               **ORDER GRANTING DEFENDANT'S**
                   Plaintiff(s),                 **MOTION TO DISMISS; DENYING AS**
12     v.                                        **MOOT DEFENDANT'S MOTION TO**
                                                 **STRIKE**
13   WACHOVIA MORTGAGE
     CORPORATION,
14
                                                 [Docket Item No(s). 9, 10]
15                 Defendant(s).

16   _____/

17        Presently before the court is Defendant Wachovia Mortgage Corporation's ("Wachovia")

18   Motion to Dismiss the Complaint filed by Plaintiffs Richard Joseph and Dolores Joseph

19   ("Plaintiffs").  See Docket Item No. 9.  Also before the court is Wachovia's companion Motion to

20   Strike portions of the Complaint.  See Docket Item No. 10.  Plaintiffs did not file written opposition

21   to either motion.  The court found these matters suitable for decision without oral argument pursuant

22   to Civil Local Rule 7-1(b) and previously vacated the associated hearing date.

23        This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.  Having carefully

24   reviewed Wachovia's arguments, the Motion to Dismiss will be granted without leave to amend.

25   The Motion to Strike will be denied as moot.

26                    **I.   FACTUAL AND PROCEDURAL BACKGROUND**

27        In November, 2005, Plaintiffs purchased real property located in Gilroy, California, with a

28

                                               1

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE

United States District Court
For the Northern District of California

$540,000.00 loan financed by World Savings Bank.  See Complaint, at ¶ 33; see also Wachovia's

Request for Judicial Notice ("RJN"), at Ex. F.[1]  The loan is a 30-year adjustable rate mortgage with

an initial interest rate of 6.108%.  Id.  Under the terms of this "Pick A Payment" mortgage, Plaintiffs

could voluntarily pre-pay principal during the initial interest-only period.  Id.

        Plaintiffs filed the Complaint underlying this action against Wachovia[2] in Santa Clara County

Superior Court on April 13, 2011.  Plaintiffs allege World Savings Bank deceived them in a number

of aspects.  In particular, they claim World Savings Bank failed to inform them there could be

negative amortization if they opted to make only the minimum monthly payment during specified

periods.  See Complaint, at ¶ 37.  Plaintiffs further allege World Savings Bank utilized underwriting

guidelines that examined only Plaintiffs' ability to pay the initial monthly amount and did not

consider their ability to pay the amount due after adjustment.  Id., at ¶ 39.  Plaintiffs also claim bank

representatives assured Plaintiffs they could refinance within five years to obtain a more reasonable

interest rate.  Id.  Although Plaintiffs attempted a loan modification and filed for Chapter 13

Bankruptcy protection, they were unsuccessful in modifying their loan.  See Complaint 41-45; see

also RJN, at Ex. H.  A Notice of Default was ultimately recorded on December 17, 2010.  See RJN,

at Ex. J; see also Complaint, at ¶ 47.

        Wachovia removed this action on May 16, 2011.  These motions followed.

## II.    THE MOTION TO DISMISS

### A.    Legal Standard

        Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it

---

        [1] Save for Exhibit G, a copy of which was not provided to the court, Wachovia's RJN (Docket Item No. 11) is GRANTED in its entirety since Exhibits A through F and H through K are judicially noticeable as "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, 2010 U.S. Dist. LEXIS 54932, at *6-7 (N.D. Cal. May 12, 2010).

        [2] In November, 2007, World Savings Bank changed its name to Wachovia Mortgage and was subsequently merged into Wells Fargo Bank.  See RJN, at Exs. B, D; see also Complaint, at ¶ 37.

2

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE

1  rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations omitted). A

2  complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

3  upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is

4  appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

5  cognizable legal theory." <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir.

6  2008). Moreover, the factual allegations "must be enough to raise a right to relief above the

7  speculative level" such that the claim "is plausible on its face." <u>Twombly</u>, 550 U.S. at 556-57.

8         When deciding whether to grant a motion to dismiss, the court generally "may not consider

9  any material beyond the pleadings." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d

10  1542, 1555 n. 19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual

11  allegations." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009). The court must also

12  construe the alleged facts in the light most favorable to the plaintiff. <u>Love v. United States</u>, 915 F.2d

13  1242, 1245 (9th Cir. 1988). "[M]aterial which is properly submitted as part of the complaint may be

14  considered." <u>Twombly</u>, 550 U.S. at 555. But "courts are not bound to accept as true a legal

15  conclusion couched as a factual allegation." <u>Id</u>.

16         Additionally, fraud-based claims are subject to heightened pleading requirements under

17  Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with

18  particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). The allegations must be

19  "specific enough to give defendants notice of the particular misconduct which is alleged to constitute

20  the fraud charged so that they can defend against the charge and not just deny that they have done

21  anything wrong." <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the

22  allegations must contain "an account of the time, place, and specific content of the false

23  representations as well as the identities of the parties to the misrepresentations." <u>Swartz v. KPMG</u>

24  <u>LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007).

25         **B.     Discussion**

26         Aside from arguments under Rule 12(b)(6), Wachovia argues Plaintiffs' seven state law

27  claims are preempted by the Home Owners' Loan Act ("HOLA"). The court agrees. As to

28

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE

United States District Court
For the Northern District of California

1    Plaintiffs' sole federal claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the

2    court finds it untimely as plead.

3                    **1.        The State Law Claims are Preempted by HOLA**

4            Federal preemption of state laws stems from the Supremacy Clause of the Constitution.

5    United States v. Arizona, 641 F.3d 339, 344 (9th Cir. 2011).  "[T]he laws of the United States...shall

6    be the supreme law of the land...any Thing in the Constitution or laws of any state to the contrary

7    notwithstanding."  U.S. Const. art. VI, cl. 2.

8            Generally, "[p]reemption analysis 'start[s] with the assumption that the historic police

9    powers of the States were not to be superseded by the Federal Act unless that was the clear and

10   manifest purpose of Congress.'"  City of Columbus v. Ours Garage & Wrecking Service, Inc., 536

11   U.S. 424, 438 (2002) (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996)).  Congressional

12   intent is therefore the "ultimate touchstone" of preemption inquiry.  Medtronic, 518 U.S. at 485.

13   Such intent may be "explicitly stated in the statute's language or implicitly contained in its structure

14   and purpose."  Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 152-53 (1982).

15   State law may also be preempted by federal regulations.  Id. at 153.  "Where Congress has directed

16   an administrator to exercise his discretion, his judgments are subject to  judicial review only to

17   determine whether he has exceeded his statutory authority or acted arbitrarily."  Id.  If these

18   conditions are met, "the statutorily authorized regulations of an agency will pre-empt any state or

19   local law that conflicts with such regulations or frustrates the purposes thereof."  New York v. Fed.

20   Commc'ns Comm'n, 486 U.S. 57, 64 (1988).

21           There are times when the traditional presumption against preemption does not apply.  Indeed,

22   the presumption is "not triggered when the State regulates in an area where there has been a history

23   of significant federal presence."  United States v. Locke, 529 U.S. 89, 108 (2000).  As relevant here,

24   "Congress has legislated in the field of banking from the days of McCulloch v. Maryland, 17 U.S.

25   316, 325-26, 426-27, 4 L. Ed. 579 (1819), creating an extensive federal statutory and regulatory

26   scheme."  Bank of Am. v. City & County of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002).

27   HOLA was enacted "to charter savings associations under federal law, at a time when record

28

**United States District Court**
For the Northern District of California

4

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE

numbers of home loans were in default and a staggering number of state-chartered savings

associations were insolvent." <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F.3d 1001, 1004 (9th Cir. 2008).

One of HOLA's central purposes was to restore public confidence in the banking system by

consolidating the regulation of savings and loan associations with the federal government. <u>Id</u>. To

achieve this purpose, Congress authorized the Office of Thrift Supervision ("OTS") to promulgate

regulations governing federal savings associations. 12 U.S.C. § 1464; <u>Silvas</u>, 514 F.3d at 1005.

OTS occupies the entire field in that regard. 12 C.F.R. § 560.2(a) (2011).[3]

HOLA's implementing regulations set forth a list, "without limitation," of the categories of

state laws that are expressly preempted:

> The terms of credit, including amortization of loans and the deferral
> and capitalization of interest and adjustments to the interest rate,
> balance, payments due, or term to maturity of the loan, including the
> circumstances under which a loan may be called due and payable upon
> the passage of time or a specified event external to the loan;
> ....
> Loan-related fees, including without limitation, initial charges, late
> charges, prepayment penalties, servicing fees, and overlimit fees;
> ....
> Disclosure and advertising, including laws requiring specific
> statements, information, or other content to be included in credit
> application forms, credit solicitations, billing statements, credit
> contracts, or other credit-related documents and laws requiring
> creditors to supply copies of credit reports to borrowers or applicants;
> ....
> Processing, origination, servicing, sale or purchase of, or investment
> or participation in, mortgages....

12 C.F.R. § 560.2(b)(4)-(5), (b)(9)-(10) (2011).

Although HOLA and its related regulations have been described as "so pervasive as to leave

---

[3] As previously noted, Plaintiffs obtained their loan from World Savings Bank, FSB. <u>See</u> Complaint, at ¶ 33; <u>see also</u> RJN, at Ex. F. At that time, World Savings Bank was "chartered under the laws of the United States to transact the business of a Federal savings bank." <u>See</u> RJN, at Ex. A. The name of World Savings Bank was changed to Wachovia Mortgage effective December 31, 2007, and was subsequently acquired by a national banking association, namely Wells Fargo Bank, N.A. <u>See id.</u>, at Exs. B, D. Under these circumstances, district courts have held that HOLA preemption applies to all conduct relating to the acquired loan. <u>DeLeon v. Wells Fargo Bank, N.A.</u>, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010); <u>Haggarty v. Wells Fargo Bank, N.A.</u>, No. C 10-02416 CRB, 2011 WL 445183, 2011 U.S. Dist. LEXIS 9962, at *10-11 (N.D. Cal. Feb. 2, 2011); <u>Guerrero v. Wells Fargo Bank, N.A.</u>, No. CV 10-5095-VBF(AJWx), 2010 U.S. Dist. LEXIS 96261, at *8-9 (C.D. Cal. Sep. 14, 2010); <u>Zlotnik v. U.S. Bancorp</u>, No. C 09-3855 PJH, 2009 WL 5178030, 2009 U.S. Dist. LEXIS 119857, at *17-19 (N.D. Cal. Dec. 22, 2009).

5

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE

1 no room for state regulatory control," state laws may nonetheless survive a preemption claim in

2 limited circumstances. <u>Conference of Fed. Sav. & Loan Ass'ns v. Stein</u>, 604 F.2d 1256, 1260 (9th

3 Cir. 1979), <u>aff'd</u>, 445 U.S. 921. Those state laws which "only *incidentally affect* the lending

4 operations of Federal savings associations or are otherwise consistent with the purposes of" the

5 regulations may not be preempted. 12 C.F.R. § 560.2(c) (emphasis added). In order to determine

6 whether a particular state law has such an effect, the Ninth Circuit has provided the following

7 process:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

14 <u>Silvas</u>, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sep. 30, 1996)).

15 Here, Plaintiffs state law claims assert violations of California Business and Professions

16 Code § 17200 et. seq. (Claim 2), breach of fiduciary duty (Claim 3), breach of the implied covenant

17 of good faith and fair dealing (Claim 4), breach of loan contracts (Claim 5), violation of California

18 Civil Code § 2923.5 (Claim 6), violation of California Financial Code §§ 4970 to 4979.8 (Claim 7),

19 and violation of California Civil Code § 1632 (Claim 8). Each of these claims, which are based

20 entirely on the origination, processing and servicing of Plaintiffs' mortgage loan, are preempted by

21 HOLA.

22 Plaintiffs' second claim under California's Unfair Competition Law ("UCL"), Business and

23 Professions Code § 17200 et. seq., alleges either Wachovia itself, or Wachovia through World

24 Savings Bank, made a series of untrue and misleading statements. In particular, Plaintiffs allege: (1)

25 Wachovia misrepresented terms and payment obligations, including the amount and duration of the

26 original payment, the interest rate, and the risks of the loan; (2) Wachovia stated it would assign a

27 negotiator to review a purported short sale; (3) Wachovia claimed it was a "mortgage loan expert"

28

6

and could help Plaintiffs complete a short sale; and (4) Wachovia represented the value of the home

would continue to rise and Plaintiffs could easily refinance. See Complaint, at ¶ 60.

UCL claims may be preempted if, as applied, it is a type of state law contemplated by 12

C.F.R. § 560.2(b). Silvas, 514 F.3d at 1006. "If it is, the preemption analysis ends." Id. Here,

Plaintiffs' UCL allegations clearly fall under § 560.2's preemptive provisions for "processing,

origination, sale or purchase of ... mortgages," "disclosure," or "terms of credit." See Stefan v.

Wachovia, No. C 09-2252 SBA, 2009 WL 4730904, 2009 U.S. Dist. LEXIS 113480, at *8-10 (N.D.

Cal. Dec. 7, 2009); see also Guerrero, 2010 U.S. Dist. LEXIS 96261, at *8-10; Poco v. Wachovia

Mortg. Corp., No. 11-02269 EDL, 2011 WL 2633298, 2011 U.S. Dist. LEXIS 71655, at *16-17

(N.D. Cal. July 5, 2011).  The claim is therefore preempted by HOLA.

The third claim for breach of fiduciary duty alleges Wachovia failed to observe a duty of care

by "enticing" Plaintiffs into a mortgage loan they could not afford. See Complaint, at ¶ 66.

Plaintiffs contend Wachovia employed underwriting standards which did not account for Plaintiffs'

ability to pay, pushed Plaintiffs into a high risk loan, improperly focused on its own profit to the

detriment of Plaintiffs, and inflated the value of the property to increase the loan amount. Id., at ¶

68.  As plead, this claim falls with the "terms of credit" provision of § 560.2(b)(4) and is preempted

for that reason.

In their fourth claim, Plaintiffs allege Wachovia breached the implied covenant of good faith

and fair dealing by failing to credit extra payments to the principal of the loan.  Id., at ¶ 73.

Plaintiffs also allege that Wachovia interfered with Plaintiffs' rights to receive promised benefits

under the contracts by refusing to refinance and charging unconscionable monthly payments that

Defendant knew was beyond Plaintiffs' ability to pay.  Id.  These allegations fall within subsection

the "terms of credit" provision of  § 560.2(b)(4), the "loan related fees [and] charges provision of §

560.2(b)(5), and the "processing [and] servicing" provision of § 560.2(b)(10).  Thus, the fourth

claim is preempted.

Plaintiffs' fifth claim for breach of loan contracts alleges that Wachovia "fraudulently

induced" Plaintiffs into "unduly risky loans." Id., at ¶ 76.  They allege that Wachovia failed to

7

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE

United States District Court

For the Northern District of California

1  perform on certain promises made, including a promise that Plaintiffs could afford the monthly

2  payments for the life of the loan at their current income level, and that Plaintiffs could easily

3  refinance if the payments became unaffordable. Id., at ¶ 80. Plaintiffs further allege that Wachovia

4  failed to accurately credit loan payments to their account and then demanded excessive charges and

5  fees. Id., at ¶¶ 81, 82. Much like those that comprise the implied covenant claim, these allegations

6  are preempted by subsections (b)(4), (b)(5) and (b)(10) of § 560.2.

7       Regarding the sixth claim under § 2923.5, "the overwhelming weight of authority has held

8  that a claim under section 2923.5 is preempted by HOLA." Taguinod v. World Savings Bank, 755

9  F. Supp. 2d 1064, 1074 (C.D. Cal. 2010); see also, e.g., Nguyen v. Wells Fargo Bank, N.A., 749 F.

10  Supp. 2d 1022, 1033 (N.D. Cal. 2010); Sato v. Wachovia Mortg., FSB, No. 5:11-cv-00810 EJD

11  (PSG), 2011 WL 2784567, 2011 U.S. Dist. LEXIS 75418, at *16-18 (N.D. Cal. July 13, 2011); Beall

12  v. Quality Loan Serv., No. 10-CV-1900-IEG (WVG), 2011 WL 1044148, 2011 U.S. Dist. LEXIS

13  29184, at *21-23 (C.D. Cal. Mar. 21, 2011). This is because the notice requirement imposed by §

14  2923.5 "implicates HOLA's express preemption of state laws regulating the 'processing' and

15  'servicing'" of mortgages. DeLeon, 729 F. Supp. 2d at 1127. Plaintiffs' claim, which alleges a

16  failure by Defendants to comply with the statute's notice provisions, falls squarely within these same

17  provisions and is therefore preempted.[4]

18       The seventh claim for predatory lending in violation of California Financial Code §§ 4970

19  through 4979.8 alleges Wachovia violated these statutes by "steering, counseling and directing"

20  Plaintiffs to accept a risky loan product. Id., at ¶¶ 95, 96. As invoked here, Financial Code §§ 4970

21  through 4979.8 are preempted by § 560.2(b)(10) since the implication of this claim is that Wachovia

22  failed to make certain disclosures during the origination and processing of the loan. See Kennedy v.

23

24       [4] Although one California appellate court has found that § 2923.5 is not subject to HOLA
preemption, this court is not persuaded by that determination. See Mabry v. Sup. Ct., 185 Cal. App.

25  4th 208, 226-32, 110 Cal. Rptr. 3d 201 (2010). The Mabry court held that since the term
"foreclosure" does not explicitly appear in 12 C.F.R. § 560.2(b), state statutes that can be read to

26  regulate only the foreclosure process, like § 2923.5, are not preempted by HOLA. Id. at 231. This
reasoning shortcuts the two step inquiry prescribed by the Ninth Circuit and is therefore incomplete.

27  See Silvas, 514 F.3d at 1005; see also Giordano v. Wachovia Mortg., FSB, 5:10-cv-04661-JF, 2010
WL 5148428, 2010 U.S. Dist. LEXIS 136284, at *11-14 (N.D. Cal. Dec. 14, 2010).

28

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE

United States District Court

For the Northern District of California

1    Wells Fargo Bank, N.A., No. C 11-0675 MMC, 2011 WL 3359785, 2011 U.S. Dist. LEXIS 84586,

2    at *21-22 (N.D. Cal. Aug. 2, 2011).

3    In their eighth claim, Plaintiffs allege Wachovia violated California Civil Code § 1632,

4    which requires "[a]ny person engaged in a trade or business who negotiates primarily in Spanish,

5    Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of

6    the following, shall deliver to the other party to the contract or agreement and prior to the execution

7    thereof, a translation of the contract or agreement in the language in which the contract or agreement

8    was negotiated." Cal. Civ. Code § 1632(b) (2011). Although § 1632 is a law of general

9    applicability, the express requirements imposed by its terms are clearly more than incidental.

10   Therefore, to the extent it applies to lending contracts at all, § 1632 is preempted by subsections

11   (b)(4) and (b)(10) of § 560.2.[5]

12   Since all of Plaintiffs' state law claims are preempted, the court need not reach Wachovia's

13   alternative argument for dismissal. Each state law claim will be dismissed without leave to amend.

14               **2.      The TILA Claim is Time-Barred**

15   Plaintiffs allege Wachovia violated TILA by giving them assurances that they qualified for

16   the loan but did not clearly communicate the risks involved. See Complaint, at ¶ 55. Plaintiffs also

17   allege they were "misled and confused" since the particular loan offered "was riddled with confusing

18   language." Id. They seek damages as well as recission of the mortgage note. In response,

19   Wachovia argues the TILA claim must be dismissed because it is barred by the statute of limitations

20   as plead.

21   Under TILA, a claim for damages must be brought within one year from the date of the

22   signing of the loan documents. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d

23   899, 902 (9th Cir. 2003). A claim for recission must be brought within three years of the same date.

24   15 U.S.C. § 1635(f).

25

26   [5] Even if the claim under California Civil Code § 1632 were to somehow survive HOLA
     preemption, it's application here is unclear. The plain language of the statute demonstrates its
27   purpose it to ensure contracts negotiated in a language other than English are also written in a
     language other than English. See Cal. Civ. Code 1632(b) (2011). Here, Plaintiffs do not allege their
28   loan contract was negotiated in another language.

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE

United States District Court

For the Northern District of California

1   Here, the date upon which Plaintiffs' mortgage loan was finalized is not entirely clear.  The

2   Complaint alleges a date in November, 2005.  See Complaint, at ¶¶ 32, 33.  Wachovia contends the

3   actual date was sometime in November, 2006, based on the Deed of Trust.  See RJN, at Ex. F.  This

4   one-year discrepancy is of no moment, however.  Assuming the later date is correct, a timely claim

5   for damages under TILA should have been filed no later than November, 2007, and a timely claim

6   for recission should have been filed no later than November, 2009.  Plaintiffs did not file this action

7   until April 13, 2011.  As such, the request for recission under TILA is absolutely barred since that

8   claim cannot be equitably tolled.  See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("The

9   Act provides, however, that the borrower's right of rescission 'shall expire three years after the date

10  of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if

11  the required disclosures have never been made.").

12  The request for damages, however, is presumptively time-barred absent allegations that

13  support an equitable exception. 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir.

14  1986); see also Beach, 523 U.S. at 417-18 (discussing the "stark" difference in the limiting language

15  of § 1640(e) and § 1635(f)).  No such allegations are present or even attempted in the Complaint,

16  despite Plaintiffs' contention that application of the statute of limitations would be inequitable in this

17  case.  See Complaint, at ¶ 31.  Such a bare contention rings hollow without facts that establish a

18  sufficient basis for inequity.  See O'Donnell v. Vencor, Inc., 465 F. 3d 1063, 1068 (9th Cir. 2006)

19  ("Equitable tolling is generally applied in situations where the claimant has actively pursued his

20  judicial remedies by filing a defective pleading during the statutory period, or where the complainant

21  has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.")

22  (internal quotations omitted).  Accordingly, the request for damages under TILA is also time-barred.

23  **3.      Leave to Amend will not be Allowed**

24  What remains to be decided is whether Plaintiffs may amend their TILA claim.  Generally,

25  leave to amend should be freely allowed "unless the court determines that the allegation of other

26  facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber

27  Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).  Where amendment to

28

10

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE

the complaint would be futile, the court may order dismissal with prejudice. <u>Dumas v. Kipp</u>, 90

F.3d 386, 393 (9th Cir. 1996).  Such is the case here.  Taking the Complaint as a whole, it is clear

Plaintiffs had all of the information necessary to bring a timely claim under TILA well before they

did so, assuming a violation of the statute occurred at all.  <u>See</u> <u>Meyer</u>, 342 F.3d 899, 902 (9th Cir.

2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan

documents were signed.").  Moreover, Plaintiffs do not hide what seems to be the true purpose of

this action: to force Wachovia into a loan modification.  <u>See</u> Complaint, at ¶ 14 ("Plaintiffs would

like to keep the property if the Defendants are willing to consider or offer a reasonable loan

modification.  Plaintiffs attempted to work out a modification prior to initiating the instant

Complaint.  Plaintiffs intend to withdraw the instant Complaint with the offer and acceptance of

reasonable terms for the Subject Loan.").

No matter what amendments Plaintiffs might make, their claims are either preempted,

untimely, or based upon a desire to use litigation as a bargaining chip rather than as a way to

vindicate credible claims.  Since Plaintiffs made no effort to defend against this motion, there is no

reason to believe this Complaint is anything but meritless.  For these reasons as well as those stated

above, the TILA claim will be dismissed without leave to amend.

### III.   ORDER

Based on the foregoing, Wachovia's Motion to Dismiss is GRANTED WITHOUT LEAVE

TO AMEND.  The Motion to Strike is DENIED AS MOOT.[6]

Since this Order effectively disposes of the entire case, the Clerk shall close this file upon

entry of Judgment.

**IT IS SO ORDERED.**

Dated:  November 18, 2011



EDWARD J. DAVILA
United States District Judge

_____

[6] The court did not consider Wachovia's Supplemental Brief and Supplemental Request for
Judicial Notice (Docket Item Nos. 27 and 28) in reaching this decision.

CASE NO. 5:11-cv-02395-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION
TO STRIKE