IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD JOSEPH, et. al., | CASE NO. 5:11-cv-02395 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| WACHOVIA MORTGAGE CORPORATION, | |
| | [Docket Item No. 31] |
| Defendant(s). | |

## I.   INTRODUCTION

Plaintiffs Richard Joseph and Dolores Joseph (collectively, "Plaintiffs") brought the instant action against Defendant Wachovia Mortgage Corporation[1] ("Defendant") in Santa Clara County Superior Court on April 13, 2011, for alleged irregularities in the loan process associated with their purchase of real property located in Gilroy, California (the "property"). After removing the action to this court, Defendant moved to dismiss Plaintiffs' Complaint. See Not. of Removal, Docket Item No. 1; see also Mot. to Dismiss, Docket Item No. 10. The court granted the motion without leave to

---

[1] Plaintiff's obtained a loan from World Savings Bank in 2006. In November, 2007, World Savings Bank changed its name to Wachovia Mortgage and was subsequently merged into Wells Fargo Bank. As it did previously in the preceding Motion to Dismiss, the court GRANTS Defendant's request for judicial notice in its entirety. See Request for Judicial Notice ("RJN"), Docket Item No. 32; Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, 2010 U.S. Dist. LEXIS 54932, at *6-7 (N.D. Cal. May 12, 2010).

amend on November 18, 2011, finding each of Plaintiffs' claims either untimely, preempted by relevant federal laws, or brought without regard for their actual merit.[2] See Order, Docket Item No. 29. Judgment was entered in favor of Defendant. See Docket Item No. 30.

Defendant now seeks $12,178.00 as an award of attorney's fees and costs pursuant to certain provisions of Plaintiffs' loan documents. See Docket Item No. 31. Having considered the moving, opposing and reply papers, the court finds this matter suitable for decision without oral argument pursuant to Local Civil Rule 7-1(b). The hearing scheduled for March 9, 2012, will therefore be vacated. For the reasons stated below, Defendant's Motion for Attorney's Fees and Costs will be granted after a reduction in the amount requested.

## II.  DISCUSSION

### A.  Fees are Awardable Pursuant to Contract

The court must apply California law to determine whether Defendant is entitled to fees under the terms of either the Adjustable Rate Mortgage Note ("Note") or the accompanying Deed of Trust. See Wang Labs., Inc. v. Kagan, 990 F.2d 1126, 1128-29 (9th Cir. 1993) (federal courts should apply law of state identified in contract).[3] Here, Defendants rely on California Civil Code § 1717 which allows fees and costs to be awarded to the prevailing party in any action on a contract "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . ."[4]

---

[2] In deciding whether Plaintiffs should be allowed leave to amend, this court wrote:

> No matter what amendments Plaintiffs might make, their claims are either preempted, untimely, or based upon a desire to use litigation as a bargaining chip rather than as a way to vindicate credible claims. Since Plaintiffs made no effort to defend against this motion, there is no reason to believe this Complaint is anything but meritless.

See Order, Docket Item No. 29, at 11:11-14.

[3] In the section entitled "Governing Law; Severability," the Note identifies federal law as applicable to that document. See RJN, Ex. B., at ¶ 12. The Deed of Trust contains a similar provision but adds that the "law of the jurisdiction in which the property is located" also applies to the extent federal law does not. See id., Ex. C, at p. 9.

[4] Defendant mistakenly attributes this language to California Code of Civil Procedure § 1717.

2
CASE NO. 5:11-cv-02395 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

In that regard, Defendant cites two provisions of the Note and Deed of Trust. The Note provides, in pertinent part:

> **Payment of Lender's Costs and Expenses:** The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

See RJN, Ex. B, at ¶ 7(E).

In addition, the Deed of Trust provides:

> If: (A) I do no keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws and regulations), then Lender may do an pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, *paying reasonable attorney's fees*, purchasing insurance required under Paragraph 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes . . . .

See RJN, Ex. C, at p. 7 (emphasis added).

Defendant contends the fees incurred for this action fall within the provisions stated above because Plaintiffs, as borrowers in default, sought to permanently enjoin Defendant from foreclosing on the property. Defendant was therefore obligated to defend against Plaintiffs' claims in order to preserve its interest. For this reason, Defendant argues that Plaintiffs' action qualifies as an enforcement proceeding under the terms of the Note, as well as a "legal proceeding that may significantly affect" Defendant's rights. Plaintiffs do not dispute that Defendant's fees and costs are awardable under these contract provisions, nor do they dispute that Defendants are the prevailing party in this action for the purposes of Civil Code § 1717. Accordingly, the court concludes, as have others, that Defendant is entitled to a fee award since this action and its attendant claims fall within the purview of the relevant contractual provisions. See Bonner v. Redwood Mortg. Corp., No. C 10-00479 WHA, 2010 U.S. Dist. LEXIS 69625, at *7-8 (N.D. Cal. June 18, 2010) (awarding fees to

1 defendant lender for all of plaintiff's claims due to "their significant relation to the parties'
2 contract."); see also Nguyen v. Wells Fargo Bank, N.A., No. C-10-4081-EDL, 2011 U.S. Dist.
3 LEXIS 15318, at *7-9 (N.D. Cal. Jan. 3, 2011) (finding fees to defendant lender appropriate under
4 similar contract language because "all of Plaintiff's claims directly relate to [defendant's]
5 enforcement of the Note through foreclosure.").

### B. The Amount Requested Must be Reduced

Having found that fees can be awarded, the court now considers how much to award. When determining the amount of reasonable attorney's fees, the district court must consider the following factors to the extent they are relevant to a particular case: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases." LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d. 1334, 1341-42 (9th Cir. 1986). The reasonableness of hourly rates should be examined "according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984); Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The prevailing market rate in the community is indicative of a reasonable hourly rate.").

Defendant has provided an attorney declaration and copies of billing statements to support its request for $12,178.00. A review of these documents reveal that two attorneys and three paralegals from counsel's office worked on this action. The attorneys' hourly rates range from $320.00 to $330.00, with the paralegals' rates ranging from $135.00 to $160.00. Defendant's do not take issue with these billing rates, and they do appear commensurate with those charged in the local legal community. See Nguyen, 2011 U.S. Dist. LEXIS 15318, at *11; see also Phillips v. IMS Loans, Inc., No. CIV S-09-3112 FCD/EFB, 2010 U.S. Dist. LEXIS 107865, at *6-7 (E.D. Cal. Oct. 8, 2010). Accordingly, the court finds the rates reasonable for the San Francisco Bay Area.

4
CASE NO. 5:11-cv-02395 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

1  What remains to be decided is whether the amount requested is indicative of a reasonable
2  amount of time and labor. Plaintiffs argue it is not. The court agrees for a variety of reasons,
3  although not to the extent argued by Plaintiffs. First, this is not a novel case; indeed, it was disposed
4  of entirely on one motion to dismiss before Defendant was required to prepare an answer, formulate
5  any affirmative defenses, or conduct discovery. Aside from Plaintiff's sole federal claim which was
6  dismissed as barred by the state of limitations, the remaining state claims were each dismissed as
7  preempted.

8  Second, Defendant was never required to attend a case management conference, motion
9  hearing, or respond to an opposition to its dismissal motion.

10  Third, the court is aware that Defendant's attorneys have handled a number of foreclosure-
11  related actions, many of which are pending before or have been resolved by this court. Defendant's
12  attorneys are certainly well-versed in the law that applies as it is almost routine for them,
13  particularly with regard to preemption. Much of what has been drafted in one case of this nature is
14  certainly applicable and transferrable to another. This circumstance should therefore translate to
15  significant time savings for attorneys and paralegals at this level of practice.

16  These observations should be reflected in the amount of fees awarded. In that regard, the
17  court has found instructive the court's comments in Rivera v. Wachovia Bank, 2009 WL 3423743,
18  2009 U.S. Dist. LEXIS 98809 (S.D. Cal. 2009), a case similar to the instant action. There, the
19  district court wrote the following in reducing the fee award:

> The time and labor required to defend the matter were not great, nor were the legal questions novel or difficult. The case was resolved on a motion to dismiss, before Wachovia prepared an answer or conducted discovery. As a mortgage provider, Wachovia has undoubtedly defended similar cases in the past. Federal preemption provided a single, overarching defense that mitigated the need for in-depth analysis of each cause of action. And although not inconsequential, the amount in controversy was also not great. On these facts, it is unclear why Wachovia required the services of so many experienced and highly-credentialed attorneys. While the experience, reputation, and ability of the attorneys is not questioned, it seems that these attorneys had an overabundance of skill and experience necessary to perform the legal services properly.

27  Rivera, 2009 U.S. Dist. LEXIS, at *7.

28  Here, the billing statements reveal that Defendant seeks fees for 27.5 hours of attorney time

5
CASE NO. 5:11-cv-02395 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

1 and 24.5 hours of paralegal time when fees sought for this motion are included.  For the reasons
2 indicated above and in consideration of the relevant LaFarge factors, the court finds it reasonable to
3 award 15 hours of attorney time at a rate of $320.00 as well as 20 hours of paralegal time at a rate of
4 $150.00, for a total amount of $7,800.00 in fees.  Defendants will also receive reimbursement for
5 costs as requested in the amount of $654.48.  The final amount of fees and costs awarded to
6 Defendants is $8,454.48.

### III.    ORDER

Based on the foregoing, Defendant's Motion for Attorney's Fees and Costs is GRANTED in the amount of $8,454.48.  The hearing scheduled for March 9, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated:  March 5, 2012



EDWARD J. DAVILA
United States District Judge

6
CASE NO. 5:11-cv-02395 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS